UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEX JEROME FABRE | * | CIVIL ACTION |
| VERSUS | * | NO. 22-2990 |
| RHONDA LEDET, ET AL. | * | SECTION "A"(2) |

### REPORT AND RECOMMENDATION

Plaintiff Alex Fabre, a prisoner currently incarcerated in the Terrebonne Parish Criminal Justice Complex in Houma, Louisiana, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against two defendants: (1) Terrebonne Parish Criminal Justice Complex Warden Rhonda Ledet and (2) Officer David Bourgeois. ECF Nos. 1, 2 & 3. Plaintiff seeks immediate release and damages for his continued incarceration on the basis that he should receive certain credits which would entitle him to release on supervisory parole. ECF No. 1, at 5-6.

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to Local Rule 73.2(A) and 28 U.S.C. § 636(b)(1)(B) and (C), including statutory frivolousness review under 28 U.S.C. § 1915, and § 1915A, and as applicable, 42 U.S.C. § 1997e(c)(1) and (2). Upon review of the record, I have determined that these matters can be resolved without further hearings.

### I. BACKGROUND

Plaintiff's Complaint indicates that he was convicted on May 19, 2022. ECF No. 1, at 3. He alleges that he should have been released from physical custody and placed on supervised parole pursuant to sentencing guidelines Act 280.[1] ECF No. 1, at 5. He contends that Defendants

---

[1] Louisiana Act 280 of the 2017 Regular Session amended numerous articles within the Louisiana Code of Criminal Procedure and ancillary revised statutes to, among other things, allow for suspension of sentence and placement on

1

have not acknowledged the credits to which he is entitled under Act 280. *Id.* Plaintiff has requested information and filed grievances, but he has not received any response. *Id.* at 4. He seeks to be released from custody and damages for mental/emotional pain and suffering. *Id.* at 6.

## II.   LEGAL STANDARDS

### A. Statutorily Required Screening

A prisoner's *pro se* complaint must be screened by the court as soon as practicable after docketing.[2] Complaints filed by prisoners must be dismissed upon review if they are frivolous and/or fail to state a claim:[3] The law "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"[4] "A federal court may dismiss a claim in forma pauperis 'if satisfied that the action is frivolous or malicious.'"[5] A complaint is frivolous "if it lacks an arguable basis in law or fact."[6]

A complaint may be dismissed for failure to state a claim or as legally frivolous if it lacks an arguable basis in law[7] or "as factually frivolous only if the facts alleged are 'clearly baseless,' . . . [or] when the facts alleged rise to the level of the irrational or wholly incredible."[8] A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to

---

probation under supervision of the division of probation and parole and to allow for defendants on felony probation to earn compliance credits for good behavior to reduce the term of probation. *See, e.g.*, LA. CODE CRIM. PRO. arts. 893(A)(1), 895.6.

[2] 28 U.S.C. § 1915A(a); *Martin v. Scott*, 156 F.3d 578, 579–80 (5th Cir. 1998).
[3] 28 U.S.C. § 1915A(b)(1); *see also id*. § 1915(e)(2)(B).
[4] *Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).
[5] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting former 28 U.S.C. § 1915(d), now incorporated in 28 U.S.C. § 1915(e), as amended).
[6] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (citation omitted); *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)).
[7] *Jackson v. Vannoy*, 49 F.3d 175, 176–77 (5th Cir. 1995) (citation omitted); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992)
[8] *Moore*, 976 F.2d at 270 (citing *Denton*, 504 U.S. 25).

raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[9]  "'A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist.'"[10]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under the § 1915(d) standard is not."[11]  A prisoner's *in forma pauperis* complaint that fails to state a claim may be dismissed *sua sponte* at any time.  28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1).

### III. LAW AND ANALYSIS

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any ... person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.[12]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."[13]  Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[14]  A plaintiff must satisfy three elements to establish § 1983 liability:

(1) deprivation of a right secured by the U.S. Constitution or federal law,

---

[9] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation omitted).
[10] *Davis*, 157 F.3d at 1005 (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).
[11] *Moore*, 976 F.2d at 269.
[12] 42 U.S.C. § 1983.
[13] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-47 (1978)).
[14] *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted).

3

(2) that occurred under color of state law, and

(3) was caused by a state actor.[15]

In this case, Plaintiff's complaint should be dismissed with prejudice on the basis that his allegations fail to establish a cognizable § 1983 claim of violation of constitutional rights, even under the broadest reading of his claims.[16]

### A. Plaintiff's Request for Immediate Release Relief from Incarceration

"[T]here is a clearly established right to timely release from prison."[17] Although detention beyond an authorized term (or over-detention) constitutes a deprivation of a prisoner's due process rights actionable under § 1983,[18] "[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."[19] Likewise, while "[s]tate-created interests which 'inevitably affect the duration of [a prisoner's] sentence' may qualify for constitutional protection under the Due Process Clause,"[20] "Louisiana parole statutes do not create an expectancy of release or [a] liberty interest in general."[21] Thus, Louisiana creates no constitutionally protected liberty interest in parole release.[22]

---

[15] *Victoria W. v. Larpenter*, 369 F.3d 475, 482 (5th Cir. 2004) (citation omitted).
[16] The court must "liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel," *Smith v. Lonestar Constr., Inc*., 452 F. App'x 475, 476 (5th Cir. 2011), *cert. denied*, 565 U.S. 1263 (2012) (quotation omitted); *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).
[17] *Traweek v. Gusman*, 414 F. Supp. 3d 847, 864 (E.D. La. 2019) (citing *Porter v. Epps*, 659 F.3d 440, 445 (5th Cir. 2011)).
[18] *See Porter v. Epps*, 659 F.3d 440 (5th Cir. 2011); *Frederick v. LeBlanc*, 563 F. Supp. 3d 527 (M.D. La. 2021); *Hicks v. Dep't of Pub. Safety & Corr*., No. 19-108, 2022 WL 969613 (M.D. La. Mar. 30, 2022).
[19] *Wetzel v. Warden, David Wade Corr. Ctr*., 2015 WL 4092899, at *2 (W.D. La. July 6, 2015) (citing *Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979)).
[20] *Wetzel*, 2015 WL 4092899, at *2 (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995)); *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995)).
[21] *Young v. LeBlanc*, No. 20-30430, 2022 WL 2072861, at *4 (5th Cir. June 9, 2022) (quoting *Bosworth v. Whitley*, 627 So. 2d 629, 633 (La. 1993)); *see also Stevenson v. Louisiana Bd. Of Parole*, 265 F.3d 1060 (5th Cir. 2001) (recognizing that Louisiana law has not created a liberty interest in parole that is protected by the Due Process clause).
[22] *Wetzel*, 2015 WL 4092899, at *2 (citing *Stevenson*, 265 F.3d at 1060); *Sinclair v. Ward*, 205 F.3d 1338 (5th Cir. 1999) (Louisiana parole statutes do not give rise to a constitutionally protected liberty interest in parole release.)).

Further, collateral consequences of prison decisions that may affect the timing of parole also do not create constitutionally protected liberty interests.[23] "[W]hen a prisoner has no liberty interest in obtaining parole[,] he cannot complain of the constitutionality of procedural devices attendant to parole decisions."[24] In other words, there can be no constitutionally protected interest in parole consideration without a constitutionally protected interest in parole release.

"'[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"[25] To the extent Plaintiff's complaint challenges the fact and duration of his confinement, that is habeas relief which must be pursued on habeas grounds; it is not properly asserted in a civil rights action.[26] Further, Plaintiff has not shown that he has exhausted available state-court remedies.[27]

Moreover, "release from custody is not an available remedy under § 1983."[28] Plaintiff would have to present any habeas claims he may have in the proper habeas corpus proceeding, not this § 1983 case. Plaintiff thus fails to state a claim for which relief can be granted under § 1983.

### B. Failure to Respond to Grievance Regarding Credit

Plaintiff also asserts that the defendants have not responded to his grievance complaints inquiring about his release date.

---

[23] *Wetzel,* 2015 WL 4092899, at *2 (citing *Luken v. Scott*, 71 F.3d 192 at 193 (5th Cir. 1995)) (stating that speculative, collateral consequences of prison administrative decisions such as the loss of the opportunity to earn good-time credits, which might lead to earlier parole, do not create constitutionally protected liberty interests).
[24] *Wansley v. Miss. Dep't of Corr.*, 769 F.3d 309, 312–13 (5th Cir. 2014) (quotation omitted and alteration adopted).
[25] *Davis v. Whyce*, 763 F. App'x 348, 349 (5th Cir. 2019) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).
[26] *Hernandez v. Spencer*, 780 F.2d 504, 505 (5th Cir. 1986).
[27] An individual confined pursuant to a state court judgment must first exhaust his remedies in the state courts before seeking habeas corpus relief in the federal courts. 28 U.S.C. § 2254(b)(1).
[28] *Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted,* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted,* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

An inmate has no protected liberty interest in the adequacy or the result of prison administrative grievance procedures.[29] Indeed, the Fifth Circuit has repeatedly held that an inmate does not have a constitutional right to an adequate and effective grievance procedures, or to have his complaints investigated and resolved to his satisfaction.[30] "[A]n alleged § 1983 due process violation for failure to investigate grievances is indisputably meritless."[31] Without a constitutional right at issue, Plaintiff's § 1983 claims against defendants related to the mishandling or non-response to his grievances are frivolous.

## IV.   CONCLUSION

Dismissal of Plaintiff's claims is proper on the grounds of frivolousness and failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), § 1915A, and 42 U.S.C. § 1997e(c)(1). Dismissal without leave to amend is proper because there is no conceivable, non-frivolous federal claim plaintiff could assert consistent with the facts alleged in his complaint.

## RECOMMENDATIONS

For the foregoing reasons,

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED WITH PREJUDICE as legally frivolous and/or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), § 1915A, and/or 42 U.S.C. § 1997e(c)(1).

---

[29] *Smith v. Horton*, 670 F. App'x 872, 873 (5th Cir. 2016) (citing *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); *Eason v. Thaler*, 73 F.3d 1322, 1325–26 (5th Cir. 1996)).

[30] *Bonneville v. Basse*, 536 F. App'x 502, 503 (5th Cir. 2013); *Horton*, 670 F. App'x at 873 (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Richardson v. Thornton*, 299 F. App'x 461, 463 (5th Cir. 2008) (citing *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996)); *Propes v. Mays*, 169 F. App'x 183, 184-85 (5th Cir. 2006); *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (recognizing that prisoners do not have a federally protected liberty interest in having grievances investigated, let alone resolved in their favor); *Comeaux v. Stalder*, 300 F. App'x 306, 308 (5th Cir. 2008) (concluding that challenges to administrative remedy procedures used to process administrative grievances fail to implicate a constitutional right) (citation omitted).

[31] *Hill v. Walker*, 718 F. App'x 243, 250 (5th Cir. 2018) (citing *Geiger*, 404 F.3d at 374) (internal quotation omitted).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[32]

New Orleans, Louisiana, this ___6th___ day of October, 2022.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[32] *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).